Filed 8/6/24  P. v. Crane CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B324003 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A146112) |
| v. | |
| RICHARD JOSEPH CRANE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Laura F. Priver, Judge.  Affirmed.

Paul Kleven, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and David E. Madeo, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Richard Joseph Crane appeals from the denial of his most recent petition for resentencing (Pen. Code, § 1172.6).[1]  Because this third petition for resentencing is barred by the doctrine of collateral estoppel and public policy, we affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.  *Defendant's conviction and sentence*

In 1980, defendant "was charged with the murder of Dennis P. Brown (Brown) with malice aforethought in violation of section 187.  The information alleged that [defendant] personally used a deadly and dangerous weapon (a knife) within the meaning of former section 12022, subdivision (b), and that his personal use was an element of the crime charged.  With respect to crimes against other victims, [defendant] was charged with kidnapping (§ 207), assault with intent to commit murder (former § 217), and assault with a deadly weapon and by means likely to produce great bodily injury.  (§ 245, subd. (a).)  On November 3, 1981, [defendant] was convicted of second-degree murder with a finding that he personally used a deadly and dangerous weapon. He was also convicted on the remaining counts.  On March 12, 1982, the Hon. Gordon Ringer sentenced [defendant] to serve 24 years to life in state prison." (*People v. Crane* (Aug. 4, 2021, B305750) [nonpub. opn.].)

### II.  *Defendant's 2009 petition for writ of mandate*

In 2009, defendant "filed a petition for writ of mandate and declared that the Los Angeles Police Department had withheld evidence that would prove that he was acting in self-defense, and that he had been falsely convicted of murder based on the

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

2

stabbing death of Brown." (*People v. Crane*, *supra*, B305750.)
His petition was denied. (*Ibid.*)

III. *Defendant's 2020 petitions for resentencing*

"On January 9, 2020, [defendant] filed a form petition for resentencing under [former] section 1170.95. He checked the boxes indicating that he was convicted of murder pursuant to the felony murder rule or natural and probable consequences doctrine, and that he could not now be convicted of murder because of the changes made to sections 188 and 189. He did not, however, expressly deny being the actual killer. He requested appointment of counsel. A few weeks later, he submitted [a second and] same petition." (*People v. Crane*, *supra*, B305750.)

The Hon. Mildred Escobedo summarily denied both petitions, in part on the grounds that defendant was the actual killer. (*People v. Crane*, *supra*, B305750.) In so doing, the trial court quoted Judge Ringer, who presided over the trial and sentencing hearing: ""'[W]hat this case is all about is simply two people, for reasons of racial hatred . . . (testified that they were) cruising around on a Friday night which is a good night to cruise and hunt for a [black person] to kill . . . they scoop up (victim 1) he's out of the car and he's shot and left for dead. For what reason? Pure unadulterated racial hatred. Four days later, we have [a codefendant] and [defendant] like a conquering army marching through Balboa Park. . . . Advertising their presence as white racists, shouting white power slogans, comparing tattoos with bikers. . . . [Defendant] stabbing to death [Brown] who did not start a fight . . . here is this young man who declined to

combat and genuinely didn't want to get into this fight, stabbed to death by [defendant].""" (*People v. Crane*, *supra*, B305750.)[2]

On appeal, we affirmed the trial court's order: "The information alleged that during the commission of the murder, [defendant] personally used a knife, a deadly and dangerous weapon, for purposes of an enhancement under former section 12022, subdivision (b). The trial court in the 1980's served as the factfinder during a bench trial and imposed a one-year enhancement pursuant to former section 12022, subdivision (b) when sentencing [defendant]. Later, [defendant] filed a petition for writ of mandate and, claiming self-defense, admitted that he killed Brown with a knife." (*People v. Crane*, *supra*, B305750.) Furthermore, based upon allegations in his appellate briefs, defendant did "not dispute that he was the actual killer." (*Ibid.*) "Given that [defendant] was the actual killer, the record of conviction necessarily establishes that he was convicted on either a malice murder theory or a felony murder theory and could be convicted under current murder law." (*Ibid.*) Thus, defendant was ineligible for resentencing and not entitled to the appointment of counsel.

We continued: "Assuming for the sake of argument that [defendant's] petition was facially sufficient, the trial court committed state law error when it refused to appoint counsel. [Citation.] But we conclude that [defendant] has not

---

[2] According to defendant, because certain reporter's transcripts are unavailable, there is no way to verify whether Judge Escobedo accurately quoted Judge Ringer at the sentencing hearing. But, we presume that the trial court properly performed its duties (Evid. Code, § 664) and did not fabricate the sentencing court's 1982 statements.

4

demonstrated prejudice . . . . Given that he was the actual killer, he is unable to show it is reasonably probable the error impacted the trial court's ruling." (*People v. Crane, supra*, B305750.)

Defendant filed a petition for review with the California Supreme Court. His petition was summarily denied. (*People v. Crane*, Oct. 13, 2021, S270536.)

IV. *The 2022 petition for resentencing; defendant's appeal*

In 2022, defendant filed another petition for resentencing pursuant to section 1172.6. In this resentencing petition, defendant checked all of the boxes on the first page of the form petition reciting the requirements under section 1172.6, subdivision (a). He also cited newly amended resentencing provisions as modified through recent legislative action, effective January 1, 2022.

On July 1, 2022, without appointing counsel, the trial court summarily denied the petition as "previously having been heard and denied by another court whose order was upheld on appeal." In so ruling, the trial court noted that this was defendant's third request for resentencing under section 1172.6. It then found: "The appellate court upheld the ruling of the lower court, affirming the denial of the petition based on the fact that [defendant] was the actual killer. There is nothing in the amended version of [former] Penal Code section 1170.95 which affords [defendant] relief. The amended version of this code section simply sets forth the procedures the court must follow in ruling on these petitions. It did not change the law as to those individuals who are the actual killers such as [defendant]."

This timely appeal ensued.

5

**DISCUSSION**

I. *Relevant law*

    A. <u>Section 1172.6</u>

Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Senate Bill No. 1437 also created section 1172.6, which "provides a mechanism whereby people 'who believe they were convicted of murder for an act that no longer qualifies as murder following the crime's redefinition . . . may seek vacatur of their . . . conviction and resentencing by filing a petition in the trial court.' [Citation.]" (*People v. Arnold* (2023) 93 Cal.App.5th 376, 382.)

    B. <u>Successive petitions and collateral estoppel</u>

Successive petitions for resentencing are not explicitly barred by section 1172.6. However, a successive petition may be barred by the doctrine of collateral estoppel.[3] (*People v. Farfan*

---

[3] The parties do not raise the question of whether a successive petition is barred by the law of the case doctrine. (Compare *People v. Medrano* (2024) 98 Cal.App.5th 1254, 1264 with *People v. Harden* (2022) 81 Cal.App.5th 45, 50.) Under this doctrine, a party may not seek appellate reconsideration of an issue already decided in the same case absent some significant change in circumstances. (*People v. Boyer* (2006) 38 Cal.4th 412, 441.)

(2021) 71 Cal.App.5th 942, 950; *People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1242, fn. 5.)

The doctrine of collateral estoppel applies in criminal proceedings. (*People v. Strong* (2022) 13 Cal.5th 698, 717.) "As traditionally understood and applied, issue preclusion bars relitigation of issues earlier decided 'only if several threshold requirements are fulfilled.'" (*Id.* at p. 716.)

"Application of collateral estoppel is not automatic, but is subject to public policy considerations," including "preservation of the integrity of the judicial system" and "promotion of judicial economy." (*People v. Farfan*, *supra*, 71 Cal.App.5th at p. 950.) "We do not apply collateral estoppel 'with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality.'" (*People v. Yokely* (2010) 183 Cal.App.4th 1264, 1273.)

A successive petition based upon new legal authority is not procedurally barred. (*People v. Farfan*, *supra*, 71 Cal.App.5th at p. 951; see also *People v. Strong*, *supra*, 13 Cal.5th at p. 716 [even when the threshold requirements for issue preclusion are met, the doctrine "does not apply when there has been a significant change in the law since the factual findings were rendered that warrants reexamination of the issue"].)

II. *The trial court did not err*

Applying these legal principles, we conclude that the trial court did not err in denying defendant's petition for resentencing.[4] Defendant does not dispute that the threshold requirements for collateral estoppel have been met, and public

---

[4]     Because the trial court did not err, defendant's constitutional rights were not violated.

policy considerations weigh heavily in favor of application of the doctrine in this case. In this third petition for resentencing, defendant is attempting to change the basis for his request for relief—by simply checking a box on a form, he now claims that he was not the actual killer. In light of his prior statements to this court and our prior opinion, he cannot do so, particularly given the fact that there has been no change to the record concerning defendant's conviction. (*People v. Coley* (2022) 77 Cal.App.5th 539, 549 [a petition for resentencing "is not a means by which a defendant can relitigate issues already decided"].)

Admittedly, the law regarding petitions for resentencing is ever-developing, and it did change between the time defendant's first two petitions were denied and the instant one was filed. But it is unassailable that the law has not changed in a way that affects this defendant (*In re Martinez* (2017) 3 Cal.5th 1216, 1222): A defendant who was convicted as the actual killer has always been ineligible for resentencing. (*People v. Allison* (2020) 55 Cal.App.5th 449, 461 ["The purpose of section [1172.6] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved"].)

It follows that the trial court did not err in summarily denying defendant's petition for resentencing at the prima facie stage.

For the sake of completeness, we note the following: Assuming without deciding that defendant submitted a facially sufficient petition and was entitled to the appointment of counsel before the trial court denied his petition, any error by the trial court in failing to appoint counsel was harmless as a matter of law: As set forth above, defendant was the actual killer. (*People*

8

*v. Pickett* (2023) 93 Cal.App.5th 982, 988, review granted Oct. 11, 2023, S281643; *People v. Lewis* (2021) 11 Cal.5th 952, 957–958, 973–974.)  As such, there is no reasonable probability that he would have obtained a more favorable result had the trial court appointed counsel for him.  (*People v. Hurtado* (2023) 89 Cal.App.5th 887, 893; *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## DISPOSITION

The trial court's order denying defendant's petition for resentencing under section 1172.6 is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
     ASHMANN-GERST


We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ